## McGrath et al. v. Upper Darby School District

*John R. Graham*, for plaintiffs.

*R. Winfield Baile*, for defendant.

ERVIN, P. J., January 3, 1952.—This was a case stated to determine whether the Upper Darby School District real estate transfer tax is applicable to ground rents. The case stated provided:

"If the court be of opinion that under the law and facts stated herein, the said 'Real Estate Transfer Tax Resolution' is applicable to the two conveyances hereinbefore set forth, then judgment to be entered in favor of the defendant in the sum of $3,750.00, but if not, then judgment to be entered for the plaintiffs, the record costs to follow the judgment, either party reserving the right to appeal."

The resolution of the school district contained the following definitions:

" 'Deed'—any instrument or writing, not testamentary in character, whereby the legal title to land, tenements, hereditaments and all other forms of real property including any real estate therein shall be absolutely conveyed, transferred, assigned or vested in any person.

" 'Transfer'—a transaction whereby the legal title to land, tenements, hereditaments and other kinds of real property including any real interest therein, situate wholly or in part within the boundaries of the District shall be transferred or conveyed by deed, for value.

" 'Value'—the sale price.

" 'Sale Price'—the gross sale price of the real property transferred which shall be the sum of the actual cash paid, property exchanged, given or bartered, past obligations cancelled or satisfied, purchase money obligations given, if any, and the real amount of all liens, mortgages and other encumbrances under and subject to which the sale is made. Whenever the word 'value' is used in this resolution it shall be construed to be synonymous with the words 'Sale Price'."

The resolution was adopted on May 29, 1950, to become effective July 3, 1950. By deed dated March 15, 1951, plaintiffs conveyed a tract of land in Upper Darby containing 10 acres to Garbev, Inc., for a consideration of $1, reserving unto themselves a yearly

ground rent of $2,850, redeemable in five years upon the payment of the principal sum of $95,000. On the same day they also conveyed another tract in Upper Darby containing 15.08 acres to Garbev, Inc., for a consideration of $1, reserving unto themselves a yearly ground rent of $8,400, redeemable within five years upon payment of the principal sum of $280,000. The school district contends that the tax on $375,000 is presently due and payable. Plaintiffs contend that only a tax on $1 for each deed is presently payable. Plaintiffs admit that a tax of $3,750 will be payable at the time the ground rent is extinguished. We feel that plaintiffs are correct in their contention.

In Pennsylvania a ground rent has been repeatedly held to be real estate. In this conception it differs from the law of almost every other State in the union. The reason for this distinction is clearly set forth in 38 C. J. S. 1088 et seq. and in Ladner's Real Estate Conveyancing, pages 290 et seq. See also 32 Am. Jur. 870, 871. Briefly, it may be stated that at common law there was an estate in realty in the nature of an incorporeal hereditament known as rent service. In England the Statute of Quia Emptores Terrarum, passed in the year 1290, extinguished the common-law right of distress and reduced a rent service to a rent charge or rent seck. Some States in the United States considered the Statute of Quia Emptores to be part of their common law and others passed similar statutes. However, it has been held that the Statute of Quia Emptores is not and never was in force in Pennsylvania. Therefore, ground rents have been held to partake of the nature of real estate and possess all the attributes of the common-law estate of rent service. A ground rent is similar in purpose to a purchase money mortgage but its manner of creation is radically different. A man owning a piece of property and desiring to borrow money thereon by means of a mortgage

need only execute and deliver the mortgage to the lender but if he desired to borrow money by means of a ground rent it would be necessary for him to convey the property to the lender, who would then convey it back to him, reserving the ground rent, because a ground rent can only be created by the person having a fee simple estate, reserving it out of the conveyance to someone else. Under the peculiar law of Pennsylvania, both the holder of the title to the land and the holder of the ground rent are owners of real estate. Should either die, his interest would descend to his heirs-at-law and not to his personal representatives. It follows then that there has been no conveyance or transfer of the estate in the ground rent by the former owner of the land. He merely retains a portion of the estate which he previously held. This becomes still more clear when we consider the extinguishment of the ground rent. A ground rent cannot be discharged on the payment of the principal sum by merely satisfying the record, as in the case of a mortgage. It can be done only by a formal instrument called a deed of extinguishment, executed with all the formalities incident to ordinary deeds. Thus, it is at that time that the grantor conveys to the grantee the remainder of the estate which he had reserved to himself at the time of the creation of the ground rent.

With these principles in mind we must examine the language of the school district resolution. We do not doubt that the school district would have the right to tax ground rents. However, the resolution does not mention them by name. The school district contends, however, that certain of the language used in the resolution is broad enough to include them. With this we do not agree. The definition of "deed" is:

"Any instrument in writing . . . whereby the legal title to land, tenements, hereditaments . . .

shall be absolutely conveyed, *transferred*, assigned or vested in any person."

The definition of "transfer" is:

"A transaction whereby the legal title to land, tenements, hereditaments . . . shall be *transferred* or conveyed by deed."

"Value" is defined as: "The sale price", which in turn is defined as: "The gross sale price of the real property *transferred*, which shall be the sum of the actual cash paid, property exchanged, given or bartered, past obligations cancelled or satisfied, purchase money obligations given, if any, and the real amount of all liens, mortgages and other encumbrances under and subject to which the sale is made."

Thus, it will be seen that the important word running through all the definitions is "transfer" and it is only after real estate is "transferred" that the value becomes important. As we have pointed out, a ground rent does not transfer the title to real estate in it until the time when it is extinguished. In the meantime the grantor has retained title to it. The school district points to several words in the definition of "sale price" which it contends cover a ground rent. It points first to the words "property exchanged". As we have previously pointed out, the grantor has not exchanged any property. He has retained a portion of the property which he previously held. The school district also points out the words "purchase money obligations given". Again, we do not feel that such language is applicable to a ground rent even though the deed may contain a personal covenant of the grantee to pay the principal sum at a future date. Finally, the school district points out the words "encumbrances under and subject to which the sale is made". A ground rent may be loosely referred to as an encumbrance by those who are not entirely familiar with the nature of the

estate which is actually created, but actually it is not an encumbrance upon the title to the land but is a separate title which has never passed to the grantee. It is true that in the case of Gans v. Renshaw, 2 Pa. 34, Gibson, C. J., said:

"It seems that the encumbrances, except the quit-rents, were discharged before tender of the conveyance and suit brought; but if the quit-rents could not be extinguished, the defendant was not bound to receive the title, unless he had agreed to take it with that particular encumbrance upon it."

That case did not enter into a discussion of the nature and origin of ground rents, as was done in many cases prior and subsequent to that decision and the real point in issue was whether or not there had been fraud in the conveyance. Such language, even by such a distinguished jurist as Chief Justice Gibson, must be read in the light of the context in which it appears and cannot be held to change the legal conception of a ground rent as it has always existed in this Commonwealth.

Therefore, we do not feel that there is any tax liability imposed by the school district resolution upon the value of the estate in the ground rent at the present time. We are bolstered in this feeling by applying the definitions contained in the resolution to the deed of extinguishment, which presumably will be executed at some future date. It is clear that at that time title to real property (the estate in the ground rent) will be transferred or conveyed by deed for value to the grantee or his successor in title. It is clear that a tax on that value will be payable at that time and it follows that it should not also be payable at the present time. For this reason we must, in accordance with the provisions of the case stated, enter judgment for plaintiffs, with the record costs to follow the judgment.